THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK FREDERICK DURBIN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>Defendants. | CASE NO. C23-0973-JCC<br><br>ORDER |

This matter comes before the Court on certain Defendants' motions to dismiss (Dkt. Nos. 17, 18, 24). Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part each motion for the reasons explained herein.

I.    BACKGROUND

Plaintiff alleges that his siblings created an invalid will allocating much of their mother's estate to themselves, rather than to Plaintiff. (*See* Dkt. No. 1 at 5.) Following her passing, and Plaintiff's unsuccessful probate challenge, Plaintiff was evicted from the family cabin. (*Id.* at 6–7.) When he refused to leave, he was arrested for criminal trespass. (*Id.* at 7.) His personal property, including vehicles, were also removed. (*Id.*) Plaintiff then filed a complaint with this Court seeking to collaterally challenge these events. (*See generally id.*) Specifically, he asks for money damages against various actors involved in the actions described above. (*Id.*).

Plaintiff asserts a 42 U.S.C. § 1983 claim for deprivations of federal law, along with a

variety of claims seemingly premised on state civil and criminal law. (*Id.* at 9.) Included in the long list of named Defendants are Dicks Towing, Inc., who allegedly removed Plaintiff's property from the cabin; the State of Washington, as *respondeat superior* for the actions of various government and judicial officials; and John Comstock, who served as the siblings' attorney. (*See generally* Dkt. No. 1.) Each move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Dkt. Nos. 17, 18, 24.) The State of Washington also moves to dismiss pursuant to Rule 12(b)(1). (*See* Dkt. No. 18.)

## II.    DISCUSSION

### A.    Washington's Rule 12(b)(1) Motion

As a threshold matter, the Court notes that a claim must be dismissed if it determines that it lacks subject matter jurisdiction over that claim. Fed. R. Civ. P. 12(b)(1); *see Intl. Union of Operating Eng'rs. v. Cnty. of Plumas*, 559 F.3d 1041, 1043–44 (9th Cir. 2009). Because the State of Washington moves for dismissal of all claims against it pursuant to both Rule 12(b)(1) and 12(b)(6), and Rule 12(b)(1) implicates this Court's jurisdictional authority, the Court will address the Rule 12(b)(1) motion first.

Indeed, absent a congressional abrogation,[1] "the Eleventh Amendment bars federal jurisdiction over suits against a state by its own citizens." *Townsend v. U. of Alaska*, 543 F.3d 478, 484 (9th Cir. 2008) (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)); *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996)) (cleaned up); *see also In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999) (describing sovereign immunity as "limit[ing] the jurisdiction of the federal courts"). And as the State points out, it has not waived its Eleventh Amendment immunity. (*See* Dkt. No. 18 at 3–4) (citing *Rains v. State*, 674 P.2d 165, 170 (Wash. 1983)).

---

[1] *See Douglas v. California Dept. of Youth Auth.*, 271 F.3d 812, 818 (9th Cir. 2001), amended, 271 F.3d 910 (9th Cir. 2001) (describing the two-part test to determine if Congress has abrogated the states' Eleventh Amendment immunity).

Plaintiff does not meaningfully contest this assertion. (*See generally* Dkt. No. 22) Instead, he focuses on whether the State waived its *sovereign* immunity. (*See* Dkt. No. 22 at 2–3.) But this is not at issue. The State fully admits that it has, in fact, waived sovereign immunity. (*See* Dkt. No. 18 at 3.) The issue is whether it has waived *Eleventh Amendment* immunity. There is nothing to suggest that it has. *See Leer v. Murphy*, 844 F.2d 628, 632 (9th Cir. 1988) (noting that "waiver of a state's eleventh amendment immunity can be only when evidenced 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'") (quoting *Edelman v. Jordan*, 415 U.S. 651, 673 (1974)). Accordingly, the Court FINDS that it lacks jurisdiction over Plaintiff's claims against the State.

### B. Rule 12(b)(6) Motions

Rule 12(b)(6) provides that a defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss on this basis, the Court may conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

Dicks Towing and Mr. Comstock contend that Plaintiff fails to state a § 1983 claim. (*See generally* Dkt. Nos. 17, 24.) The Court agrees. As a matter of law, Dick's Towing could not act under the color of law by removing property from the cabin when it did so *at Plaintiff's brother's direction*. (*See* Dkt. No. 1 at 8.) Nor could Mr. Comstock act under the color of law by representing *Plaintiff's siblings* in a probate matter. (*Id.* at 6–7.) Therefore, there is no federal claim here, at least against these Defendants. And without this jurisdictional anchor, the Court need not and will not exercise supplemental jurisdiction over the remaining state law claims

against these Defendants. *See* 28 U.S.C. § 1367(c)(3).[2]

## III. CONCLUSION

For the reasons described above, Defendants' motions to dismiss (Dkt. Nos. 17, 18, 24) are GRANTED in part and DENIED in part. Plaintiff's § 1983 claims against Dicks Towing and Mr. Comstock are DISMISSED with prejudice (as they fail as a matter of law). The remaining claims against the State of Washington, Dicks Towing, and Mr. Comstock are DISMISSED without prejudice (as they are jurisdictionally deficient). The Court declines to provide Plaintiff leave to amend, as further amendment would not save these claims.[3]

DATED this 27th day of September 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] For this reason, the Court will not reach Dick's Towing's and Mr. Comstock's arguments touching on the propriety of the state law claims. (*See* Dkt. Nos. 17 at 7–13, 24 at 5–9.)

[3] The Court need only do so if it would not be futile. *See, e.g.*, *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018). And given the infirmities described above, the Court FINDS that amendment would be futile.