THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK FREDERICK DURBIN, | CASE NO. C23-0973-JCC |
| Plaintiff, | ORDER |
| v. | |
| STATE OF WASHINGTON, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 40) of the Court's order granting in part and denying in part various motions to dismiss (Dkt. Nos. 17, 18, 24). Having thoroughly considered the briefing and the relevant record, the Court DENIES Plaintiff's motion for the reasons explained herein.

A motion for reconsideration is generally disfavored. LCR 7(h)(1). It is only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* As this Court has frequently indicated, reconsideration should not be used to ask it to "rethink what it had already thought through—rightly or wrongly." *Wilcox v. Hamilton Constr., LLC*, 426 F. Supp. 3d 788, 791 (W.D. Wash. 2019) (cleaned up); *see, e.g.*, *Brown v. Murphy*, 2023 WL 6481566, slip op. at 1 (W.D. Wash. 2023); *Hoffman v. Transworld Sys. Inc.*, 2019 WL 109437, slip op. at 1 (W.D. Wash. 2019).

Here, Plaintiff fails to demonstrate either manifest error or new facts or legal authority that would allow his claims against Defendants the State of Washington, Dick's Towing, Inc., or John Comstock to continue. As to the § 1983 claim against the State of Washington: The Court remains convinced that it lacks jurisdiction to consider them, given the State's Eleventh Amendment immunity. (*See* Dkt. No. 36 at 2–3.) Plaintiff's regurgitation of prior arguments suggesting otherwise does not change this result. (*See* Dkt. No. 40 at 2–5.) Nor do Plaintiff's new legal citations—the cases are simply inapt and do not stand for the proposition Plaintiff asserts they do. (*See* Dkt. Nos. 47 at 3–5, 52 at 2–3.) Similarly, as to the § 1983 claims against Defendants Dicks Towing, Inc. and John Comstock: Plaintiff presents no compelling argument to suggest that the Court erred in finding these claims legally infirm. (*See* Dkt. Nos. 36 at 3, 40 at 5–6, 53 at 2–3, 54 at 2–3.) This is because Plaintiff's complaint fails to establish that they acted under the color of state law. (*See generally* Dkt. No. 1.) And as the Court previously indicated, without this jurisdictional anchor, there is no basis for the Court to consider any state law claims against these defendants. (*See* Dkt. No. 36 at 3–4.)

Thus, Plaintiff fails to demonstrate that the Court committed manifest error or provide the Court with new facts or legal authority that would alter the prior ruling. *See* LCR 7(h)(1). For this reason, Plaintiff's motion for reconsideration (Dkt. No. 40) is DENIED.

DATED this 30th day of October 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE