THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK FREDERICK DURBIN, | CASE NO. C23-0973-JCC |
| Plaintiff, | ORDER |
| v. | |
| STATE OF WASHINGTON, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendants Thomas and Pamela Durbin's motion for a judgment on the pleadings (Dkt. No. 38). Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

A judgment on the pleadings is proper when a defendant establishes that no material issue of fact remains and the defendant is entitled to judgment as a matter of law. *Hal Roach Studios v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Here, the Court summarized Plaintiff's allegations in a prior order, (*see* Dkt. No. 36 at 1–2), and it will not repeat them here. Thomas and Pamela Durbin, Plaintiff's siblings (collectively "Defendants"), raise a number of arguments in support of their instant motion. (*See* Dkt. No. 38 at 4–8.) Because the first argument is dispositive, the Court declines to reach Defendants' other arguments. (*See* Dkt. No. 38 at 4–6.)

Defendants first argue that Plaintiff fails to plausibly assert a 42 U.S.C. § 1983 claim because Defendants could not act under color of state law by simply serving as personal representatives for their mother's estate. (*See* Dkt. No. 38 at 4–6.) The Court agrees. This is the same infirmity that the Court identified when it dismissed Plaintiff's § 1983 claim against Defendants' probate lawyer. (*See* Dkt. No. 36 at 3–4.) And it applies with equal force here. Defendants' role in the probate process, even if serving as "officers of the court," (*see* Dkt. No. 1 at 5, 9), cannot support the legal conclusion that they acted under the color of state law. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003). And without this jurisdictional anchor, there is no basis for the Court to consider Plaintiff's state law claims against these defendants. (*See* Dkt. No. 36 at 3–4.)

For these reasons, Defendants' motion for a judgment on the pleadings (Dkt. No. 38) is GRANTED in part and DENIED in part. Plaintiff's § 1983 claim against Defendants is DISMISSED with prejudice and Plaintiff's state law claims are DISMISSED without prejudice. The Court declines to provide Plaintiff leave to amend, as further amendment would not save these claims.[1]

DATED this 30th day of October 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The Court need only do so if it would not be futile. *See, e.g.*, *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018). And given the infirmities described above, the Court FINDS that amendment would be futile.