THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK FREDERICK DURBIN, | CASE NO. C23-0973-JCC |
| Plaintiff, | ORDER |
| v. | |
| STATE OF WASHINGTON, *et al.*, | |
| Defendants. | |

This matter comes before the Court on the remaining defendants'[1] motion for a judgment on the pleadings (Dkt. No. 44), which is appropriate when a defendant establishes that no material issue of fact remains and the defendant is entitled to judgment as a matter of law. *Hal Roach Studios v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Having thoroughly considered the briefing and the relevant record here,[2] the Court FINDS that a judgment on the pleadings is warranted, and therefore GRANTS in part and DENIES in part Defendants' motion for the reasons explained herein.

---

[1] Those defendants are King County, King County Superior Court Commissioner Henry H. Judson, King County Superior Court Personnel, the King County Prosecutor's Office, the King County Sheriff's Department, and the King County Jail. (*See* Dkt. Nos. 1 at 2, 44 at 1.) The Court previously dismissed all claims against all other named defendants. (*See* Dkt. Nos. 36, 56.)

[2] The Court summarized Plaintiff's allegations in a prior order, (*see* Dkt. No. 36 at 1–2), and it will not repeat them here.

ORDER
C23-0973-JCC
PAGE - 1

      Defendants raise various arguments in support of their motion. (*See* Dkt. No. 44 at 6–18.) They first argue that Plaintiff fails to allege the custom or policy necessary to ascribe municipal liability to King County. (*See* Dkt. No. 44 at 9–11) (citing *Monell v. Dept. of Soc. Services of City of New York*, 436 U.S. 658, 690–91 (1978)). The Court agrees. Plaintiff identifies no clear custom or policy supporting the deprivations he asserts. (*See* Dkt. No. 57 at 7; *see generally* Dkt. No. 1.) Defendants next argue that Plaintiff's allegations, even if true, fail to overcome Commissioner Judson's judicial immunity. (*See* Dkt. No. 44 at 11.) The Court also agrees. None of the allegations, (*see generally* Dkt No. 1), suggest Commissioner Judson acted in a manner invalidating judicial immunity. *See Forrester v. White*, 484 U.S. 219, 225–30 (1988); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001); *Franceschi v. Schwartz*, 57 F.3d 828, 830–31 (9th Cir. 1995). Defendants makes similar arguments with respect to the King County Prosecuting Attorney's Office's immunity. (*See* Dkt. No. 44 at 12.) And, again, the Court agrees. None of Plaintiff's allegations, (*see generally* Dkt No. 1), suggest prosecutors acted outside of the scope of their duties, as needed to defeat prosecutorial immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272–73 (1993)).

      Separately, Defendants argue that Plaintiff's shotgun complaint, (*see generally* Dkt. No. 1), fails to provide sufficiently specific allegations with respect to *each* defendant to comport with Rules 8(a), 9(b), and 10(b). (*See* Dkt. No. 44 at 14–18) (citing Fed. R. Civ. P. 8–10; *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000); *Adams v. BRG Sports, Inc.*, 2017 WL 5598647, slip op. at 3 (N.D. Cal. 2017)). Again, the Court agrees. In addition, as Defendants note, many of the named defendants are agencies *within* King County. (*See* Dkt. Nos. 44 at 18, 57 at 1–13.) As such, they are not proper defendants for a suit brought pursuant to 42 U.S.C. § 1983. *See Wainscott v. Cnty. of San Diego*, 2020 WL 5747389, slip op. at 3 (S.D. Cal. 2020) (compiling cases). Each would also serve as a basis to support dismissal of the claims against these defendants.

      For these reasons, the King County Defendants' motion for a judgment on the pleadings

(Dkt. No. 44) is GRANTED in part and DENIED in part. Plaintiff's § 1983 claims against the King County Defendants are DISMISSED with prejudice and any state law claims against these defendants are DISMISSED without prejudice.[3] The Court declines to provide Plaintiff leave to amend, as further amendment would not save these claims.[4]

DATED this 13th day of November 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] Without the jurisdictional anchor of a federal § 1983 claim, the Court declines to exercise supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

[4] The Court need only do so if it would not be futile. *See, e.g.*, *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018). And given the infirmities described above, as well as in prior orders dismissing other defendants in this matter, (*see* Dkt. Nos. 36, 55, 56), the Court FINDS that amendment would be futile.